**Raniel Bonifacio AMPARO, Petitioner,**

**v.**

**John ASHCROFT, Attorney General,[1] Respondent.**

No. 00–70078.

INS No. A37–496–976.

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 12, 2001.[2]

Decided Feb. 23, 2001.

---

1. The court sua sponte changes the docket, pursuant to 8 U.S.C. § 1252(b)(3)(A), to reflect that John Ashcroft, Attorney General, is the proper respondent. The Clerk shall amend the docket to reflect the above caption.

2. The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before LEAVY, THOMAS, and RAWLINSON, Circuit Judges.

### MEMORANDUM [3]

Raniel Bonifacio Amparo petitions for review the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an immigration judge's ("IJ") removal order issued on the grounds that Amparo is an alien convicted of an aggravated felony. We have jurisdiction to determine if jurisdiction exists. *See Flores–Miramontes v. INS*, 212 F.3d 1133, 1135 (9th Cir.2000).

■■■ Where the BIA, as in this case, reviews the IJ's decision de novo, we are limited to reviewing the decision of the BIA. *See Scales v. INS*, 232 F.3d 1159, 1162 (9th Cir.2000). We review for substantial evidence the BIA's factual determinations. *See id.*

■■ Because the INS demonstrated Amparo's alienage by clear, unequivocal, and convincing evidence, and Amparo failed to rebut the presumption of alienage, substantial evidence supports the BIA's dismissal. *See id.* at 1163. Amparo's remaining contentions regarding his alienage lack merit.

Because Amparo's conviction constitutes an aggravated felony under 8 U.S.C. § 1227(a)(2)(A)(iii), this court lacks jurisdiction to review the order of removal. *See* 8 U.S.C. § 1252(a)(2)(C); *Flores–Miramontes*, 212 F.3d at 1135.

Because we cannot consider materials outside the administrative record, respondent's motion to strike Amparo's supplement to the record is granted. *See* 8 U.S.C. § 1252(b)(4)(A). We deny the respondent's motion to supplement the record, deny Amparo's motion to strike, and deny all other motions as moot.

PETITION DISMISSED.

---

3.  This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.

